IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHRISTINA FLOWERS,

    Plaintiff,

v.                                                         Case No. 21-cv-196-JWB

CITY OF TULSA, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants Larry Hood and Terry Thomas' partial motion to dismiss. (Doc. 16.) Plaintiff has failed to file a response and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I.**     **Facts and Procedural History**

The facts recited herein are taken from Plaintiff's petition. (Doc. 2-1.) Plaintiff Christina Flowers is an African-American woman who was hired as a buyer for Defendant City of Tulsa ("the City") in May 2019. Plaintiff alleges that she was treated differently than other employees in the purchasing department because of her race. Plaintiff asserts that Defendant Terry Thomas, the senior buyer for the City, scrutinized Plaintiff's work and interfered with her ability to perform her duties. In July 2019, Plaintiff complained about the disparate treatment and requested a meeting with Defendants Thomas and Larry Hood, the purchasing manager for the City. Hood did nothing to rectify the situation. Thomas continued to treat Plaintiff differently than her co-workers. Plaintiff filed another complaint in August 2019. Plaintiff was then terminated in November 2019. Plaintiff alleges that she was terminated in retaliation for her protected activity.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  Plaintiff received a right-to-sue letter and filed this action in Tulsa County District Court.  Plaintiff's petition alleged claims of discrimination against the City of Tulsa, Thomas, and Hood under Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.  Plaintiff also brought a state law claim of intentional infliction of emotional distress.  With respect to the individual Defendants, Plaintiff's petition asserted these claims against them in their official and individual capacities.

This action was then timely removed to this court on May 6, 2021.  (Doc. 2.)  On June 15, 2021, the City moved to dismiss Plaintiff's claim of intentional infliction of emotional distress.  (Doc. 14.)  Defendants Hood and Thomas also moved to dismiss the state tort claim and further moved to dismiss Plaintiff's claims brought under Title VII and all claims against them in their official capacity.  (Doc. 16.)  Plaintiff filed a stipulation of dismissal as to her claim of intentional infliction of emotional distress against all Defendants.  (Doc. 18.)  Due to Plaintiff's stipulation, Defendants' motion pertaining to Plaintiff's state law claim is moot.  Plaintiff, however, failed to file a response to the remaining issues raised in the individual Defendants' motion.  With respect to those remaining issues, Defendants move for dismissal of the Title VII claims on the basis that the City of Tulsa is the only proper Defendant.  Defendants further move for dismissal of Plaintiff's claims against them in their official capacities on the basis that they are redundant to the claims made against the City.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007)

### III. Analysis

#### A. Title VII

Plaintiff asserts claims of discrimination and retaliation under Title VII. Plaintiff has brought these claims against Defendants Thomas and Hood in their official and individual capacities. Title VII makes it unlawful for an *employer* to discriminate against an employee on the basis of (among other things) the person's sex, color, race, or national origin. 42 U.S.C. § 2000e-2(a)(1). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person...." *Id.* § 2000e(b). A plaintiff may proceed against a supervisor in his official capacity as a means to sue the employer. *See Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005). Such a claim is superfluous, however, when the employer is already subject to suit. *Id.* Here, Plaintiff has named the City as a defendant. Therefore, the official claims against the individual Defendants are subject to dismissal.

With respect to Plaintiff's claims against Defendants in their individual capacities, the Tenth Circuit has repeatedly held that supervisors and other individual employees are not personally liable under Title VII. *See id.* at 665 ("personal capacity suits against individual supervisors are inappropriate under Title VII"); *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)

3

("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.")).

Defendants' motion to dismiss the Title VII claims against them is granted.

### B. Official Capacity

Finally, Defendants move to dismiss the remaining claims against them in their official capacity. These claims are subject to dismissal because they are duplicative of the claims already asserted against the City in this case. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (explaining that when a plaintiff brings a claim in an individual's official capacity, it is "another way of pleading an action against the entity of which the officer is an agent").

### IV. Conclusion

Defendants' Hood and Thomas' partial motion to dismiss (Doc. 16) is GRANTED. The clerk is directed to return this matter to the assigned magistrate judge for scheduling.

IT IS SO ORDERED. Dated this 18th day of May 2022.

                                                    s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE